UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

IN RE: )
)
Reginald Charles Johnson and ) Case No. 04-82774C-7D
Shari Denise Johnson, )
)
Debtors. )
)

MEMORANDUM OPINION

The matter before the court is a motion to reopen this Chapter 7 case filed by United Services Credit Union ("United Services").

FACTS

United Services made a loan to the Debtors shortly before or shortly after this case was closed in order to enable the Debtors to redeem a 2003 Isuzu motor vehicle that was subject to a lien securing indebtedness owed to Ford Motor Credit Company ("Ford"). The Debtors earlier had obtained an order that allowed the Debtors thirty days within which to redeem the Isuzu by paying the sum of $14,925.00 to Ford.

According to the motion, the Debtors received the title from Ford when Ford's lien was paid off and have refused to surrender the title to United Services so that United Services may perfect a lien by proper notation on a new title to the Isuzu. United Services seeks to reopen this case in order to obtain an order from this court requiring the Debtors to surrender the title and to execute such documents as are necessary in order for United

Services to perfect a lien on the title to the Isuzu.

Because this court does not have jurisdiction to grant the relief sought even if this case were reopened, the motion to reopen will be denied.

## ANALYSIS

Federal courts have only such jurisdiction as is granted by the Constitution and by the jurisdictional statutes enacted by Congress and thus are courts of limited jurisdiction. See Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 375, 98 S.Ct. 2396, 2403, 57 L.Ed.2d 274 (1978)("The limits upon federal jurisdiction, whether imposed by the Constitution or by Congress, must be neither disregarded nor evaded."). Congress has granted to the federal district courts original and exclusive jurisdiction of all cases under the Bankruptcy Code and original, but non-exclusive, jurisdiction over all civil proceedings arising under bankruptcy law or arising in or related to a bankruptcy case. 28 U.S.C. § 1334. Pursuant to 28 U.S.C. § 157(a), the district courts are authorized to delegate this grant of jurisdiction to the bankruptcy courts, as has occurred in this district.

Controversies "arise in" bankruptcy cases when they "have no existence outside of the bankruptcy." United States Tr. v. Gryphon at the Stone Mansion, Inc., 166 F.3d 552, 555 (3d Cir. 1999). Claims "arise under" the Bankruptcy Code if the claims "clearly invoke substantive rights created by bankruptcy law." Glinka v.

Federal Plastics Mfg., Ltd. (In re Housecraft Indus. USA, Inc.), 310 F.3d 64, 70 (2d Cir. 2002).  A proceeding is "related to" a bankruptcy case when the resolution of the proceeding could conceivably have an effect on the bankruptcy estate.  Belcufine v. Aloe, 112 F.3d 633, 636 (3d Cir. 1997); Pacor, Inc. v. Higgins, 743 F.2d 984, 994 (3d Cir. 1984).

The claim that United Services proposes to pursue against the Debtors is not a matter that falls within either facet of the jurisdiction conferred by 28 U.S.C. § 1334.  The claim arises out of a post-petition loan that United Services made to the Debtors and a subsequent refusal by the Debtors to surrender the title to United Services after the Ford lien was satisfied.  Any such claim involves rights arising under state law and would have existence outside of this bankruptcy case.  As a result, the claim does not "arise in" a bankruptcy case nor "arise under" bankruptcy law.  It is true, as pointed out by United Services, that the United Services loan was obtained and used by the Debtors to redeem the Isuzu and that the redemption was made pursuant to an order entered in this case.  However, this does not mean that the claim is "related to" this case for purposes of 28 U.S.C. § 1334.  Both the loan and the alleged wrongful conduct of the Debtors occurred post-petition.  Consequently, neither the loan nor the alleged wrongful conduct can give rise to a claim against the bankruptcy estate nor otherwise affect the administration of this case.  It follows that

the claim is not "related to" this case.  See In re Alongi (Family Medical Associates, LLC v. Alongi), 272 B.R. 156, 160 (Bankr. D. Md. 2001); In re Rousselle (Franklin Life Ins. Co. V. Rousselle), 259 B.R. 409, 412 (Bankr. M.D. Fla. 2001).

Based upon the foregoing, the court concludes that it lacks subject matter jurisdiction with respect to the proceeding that United Services proposes to pursue against the Debtors if this case were to be reopened.  It therefore would serve no purpose to reopen this case.  Accordingly, an order denying the motion to reopen is being entered contemporaneously with the filing of this memorandum opinion.

This 23rd day of August, 2006.

_____
WILLIAM L. STOCKS
United States Bankruptcy Judge

PARTIES IN INTEREST

Karen Macklin, Esq.
P.O. Box 2052
Chapel Hill, NC 27515-2052

Pamela Keenan, Esq.
P.O. Box 19766
Raleigh, NC   27619-9766

Mark A. Pinkston, Esq.
P.O. Bo x7376
Asheville, NC 28802-8506

Michael D. West, Bankruptcy Administrator

Sara Conti, Trustee